

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN 28 PM 3: 52

CLERK'S OFFICE
AT BALTIMORE

BY ___KL___ DEPUTY

Ms. SHAWN BELL alias (Cecil County) Taylor

P.O. BOX 23285 HOMELESS

BALTIMORE, MD 21203-5285
*(Full name and address of the plaintiff)*
**Plaintiff(s)**

vs.

Civil No.: TBA  ELH 15-248
*(Leave blank. To be filled in by Court.)*

Mayor Robert J. Alt (2014-present)

Mayor Joseph L. Fisona (2002-2014) in lieu of

Judge Baynes & Judge Baker

MUNICIPAL BUILDING-100 Railroad Avenue

Elkton, Maryland 21921
*(Full name and address of the defendant(s))*
**Defendant(s)**

\*\*\*\*\*\*

## COMPLAINT

1. Jurisdiction in this case is based on:

   ☐ Diversity (none of the defendants are residents of the state where plaintiff is a resident)

   ☑ Federal question (suit is based upon a federal statute or provision of the United States Constitution)

   ☑ Other (explain) Benton v. Maryland, 39 U.S. 784, 89 S Ct. Double Jeopardy

   In re Oliver 333 U.S. 257 (1948)-Denial of Due Process. The Plaintiff was

   sent to MCI-W (Jessup, MD Women Prison) from ICU. Owens v. Baltimore City

2. The facts of this case are:

I. Screenshots of Maryland Department of Public Safety and Correctional Services-DPSC. They are exhibits in U.S. Supreme Court in Washington, DC on an appeal. DOC# but no SID# for they Plaintiff was sent to Maryland Correctional Institution for Women-MCI-W w/o every going to Court or meeting/speaking with her Public Defender. 333 U.S. 257

II. The Defendants' employees Judge Baynes and Judge Baker knew they did NOT have jurisdiction concerning the Plaintiff (*see Maryland Case Search Courts screenshot "Transfer probation to state of MA" excerpts of January 26, 2012 hearing). The state of Massachusetts stated the Plaintiff's obgligations were complete. However, Cecil County Judges allowed the Cecil County Probation Office/J. Burris and the Cecil County State Attorney Office to file a VOP on October 16, 2012 entered of October 17, 2012 The Judge filed the VOP warrant on October 16, 2012 and entered October 17, 2012. At NO time was the Plaintiff EVER detained by the state of Massachusetts (who had jurisdiction) Violation of Probation, although she continued to meet with MA Probation Officer three months until completion after Cecil County, MD filed a VOP. The Plaintiff was punished twice for the same alleged incident, Double Jeopardy. Benton v. Maryland, 39 U.S. 784, 89 S. Ct 2056, 23 L. Ed. 2d 707 (1969). The Supreme Court ruled this was impermissable. Something that the Cecil County Public Defenders Office argued. Matter of factly, the Plaintiff had to file a Partial Pro Se Motion after being parazlyzed by CCDC (*see Exhibit copy of said Motion) after returning from MCI-W September 2013.

III. The Plaintiff now suffers permanent brain damage resulting in partial paralysis caused @ CCDC. Guards took Plaintiff to Union Hospital in Elkton, MD Cat Scan confirmed injury

pg 2 of 3 SB

3. The relief I want the court to order is:

☑ Damages in the amount of: $24,000,000.00 (twenty-four million dollars)

☑ An injunction ordering: My medical records sealed as I NEVER signed nor will I EVER sign a HIPPA Release for Cecil County Detention Center/ANY entity in Cecil County, MD

☑ Other (explain) My medical records from CCDC and CCDC Surveillance Videos so the doctor of my choice can understand what caused the "big hole in my brain" at CCDC

January 27, 2015
(Date)

(Signature)

Ms. SHAWN BELL--Pro Se

P.O. BOX 23285

BALTIMORE, MD 21203-5285

Mother Phone-Message# (413) 204-2549
(Printed name, address and phone number of Plaintiff)

### Privacy Rules and Judicial Conference Privacy Policy

Under the E-Government Act and Judicial Conference policy, any paper filed with the court should not contain an individual's social security number, full birth date, or home address; the full name of person known to be a minor; or a complete financial account number. These rules address the privacy concerns resulting from public access to electronic case files.